IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ALICIA NAPUAONALANI HUEU, | CIV. NO. 20-00520 JMS-KJM |
|---|---|
| Plaintiff, | ORDER REMANDING CASE |
| vs. | |
| STATE OF HAWAII, | |
| Defendant. | |

## ORDER REMANDING CASE

### I. INTRODUCTION

On November 30, 2020, Alicia Napuaonalani Hueu ("Hueu"), proceeding pro se, removed a pending state court criminal prosecution, *State v. Alicia N. Hueu*, 2DCW-20-0000785, from the District Court of the Second Circuit, State of Hawaii, pursuant to 28 U.S.C. §§ 1331 & 1455. ECF No. 1. For the reasons set forth below, Hueu's Notice of Removal is DISMISSED and this action is summarily REMANDED to the District Court of the Second Circuit, State of Hawaii.

### II. DISCUSSION

On May 21, 2020, Hueu was arrested on Maui for violating Hawaii Revised Statute ("HRS") § 708-814(1)(b) (criminal trespass in the second degree), and Rule 1 of the Maui County Public Health Emergency Rules, promulgated

pursuant to HRS § 127A-25 and subject to HRS § 127A-29 (failure to stay at residence or place of lodging except for essential activities). *Id.* at PageID ## 4, 15. A state criminal complaint was filed on June 22, 2020 charging Hueu with one count of criminal trespass and two counts of violating Maui County Public Health Emergency Rules. *See id.* at PageID ## 14-16. Hueu alleges that removal is proper pursuant to 28 U.S.C. §§1331 and 1455 because federal statutes, laws, and treaties are implicated and Hueu is a Hawaiian (foreign) national, not a United States citizen. *Id.* at PageID ## 3-5. The court disagrees.

**A.    Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A court must examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted).

Further, "[r]emoval . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

A state criminal prosecution may be removed to federal court only under narrow circumstances set forth in 28 U.S.C. §§ 1442-43, and pursuant to the procedures for removal set forth in 28 U.S.C. § 1455.[1]  Section 1455(a) requires the defendant in a state court criminal prosecution seeking removal to file a "notice of removal."  And § 1455(b)(4) requires that upon filing, the district court "shall examine the notice promptly" and issue "an order for summary remand" "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."

**B.    Analysis**

Section 1442 applies to the prosecution of federal officers for acts done in furtherance of their official duties, and § 1442a applies to the prosecution

---

[1] To the extent Hueu relies on 28 U.S.C. § 1331 as grounds for removal of a state criminal prosecution, such reliance is misplaced.  Section 1331 applies only to civil actions.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

of members of the armed forces.  Hueu does not allege that she is a federal officer or a member of the armed forces and thus, neither provision applies here.

Pursuant to § 1443, a criminal prosecution commenced in a state court may be removed by a defendant: (1) "who is denied or cannot enforce in the court of such States a right under any law providing for the civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," 28 U.S.C. § 1443(1); or (2) "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law," *Id.* § 1443(2).

The United States Supreme Court has interpreted 28 U.S.C. § 1443(1) as limited to a state court's inability or unwillingness to enforce a law "providing for specific civil rights stated in terms of *racial* equality."  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (emphasis added).  To rely on § 1443(1), a removing defendant must satisfy a two-part test.  First, the defendant "must assert, as a defense to the prosecution, rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation and quotation marks omitted).  And second, the defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional

provision that purports to command the state courts to ignore the federal rights." *Id.* (citation and quotation marks omitted).

The Court has also clarified that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).

Here, Hueu does not allege a defense to her state criminal prosecution arising from any statutory enactment protecting racial civil rights. And she does not allege that any "state law . . . prohibits [her] from enforcing [her] civil rights in state court" or identify any authority suggesting that the Hawaii state court is unwilling or unable to enforce Hueu's civil rights in the state criminal proceedings. *Patel*, 446 F.3d at 999. Further, Hueu does not allege that she is a federal officer or agent or that she is authorized to act as such. Thus, neither subsection of § 1443 applies to Hueu's state criminal prosecution.

In sum, Hueu failed to establish a valid basis for removal[2] and thus, summary remand is warranted.

---

[2] Hueu's Notice of Removal did not assert §§ 1442-1443 as grounds for removal. Thus, even if she could remedy the defects discussed above, by failing to assert them in her Notice, she has waived those grounds for removal. *See* 28 U.S.C. § 1455(b)(2) (providing that a notice of removal must contain "all grounds for such removal," that the "failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds," and that a "second notice may be filed only on grounds not existing at the time of the original notice").

## III.  **CONCLUSION**

Based on the foregoing, the court DISMISSES Hueu's Notice of Removal and REMANDS this case to the District Court of the Second Circuit, State of Hawaii.  The Clerk is directed to terminate this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 3, 2020.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Hueu v. Hawaii*, Civ. No. 20-00520 JMS-KJM, Order Remanding Case